# In the United States Court of Federal Claims

No. 23-1507

(Filed: December 11, 2023)

(NOT TO BE PUBLISHED)

---

|  |  |
|---|---|
| **JASON MICHAEL CLAPP**, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **UNITED STATES**, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

---

Jason Michael Clapp, *pro se*, Petersburg, Virginia.

Christopher L. Harlow, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, Patricia M. McCarthy, Director, and William J. Grimaldi, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## ORDER FOR DISMISSAL

LETTOW, Senior Judge

Pending before the court is the government's motion to dismiss Mr. Clapp's complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. Def.'s Mot. to Dismiss, ECF No. 9. Mr. Clapp filed his complaint on August 25, 2023, alleging that the United States has "committed (criminal) contractual fraud . . . and [b]reach of [c]ontract." Compl. ¶ 1.1, ECF No. 1. He requests $4,502,000,000 and that he be released from prison. Compl. ¶ 5. Mr. Clapp's complaint largely mirrors those filed by two fellow inmates at the same federal correctional complex. *See* Compl., *Whitmire v. United States*, No. 23-cv-1310-TMD (Fed. Cl. Aug. 14, 2023), ECF No. 1; Compl., *Riddle v. United States*, No. 23-cv-1424-DAT (Fed. Cl. Aug. 21, 2023), ECF No. 1.[1]

---

[1] Mr. Riddle's complaint has been dismissed for lack of subject-matter jurisdiction and failure to state a claim. Mem. Op. and Order at 5-6, *Riddle*, No. 23-cv-1424-DAT (Fed. Cl. Sept. 28, 2023), ECF No. 5. Plaintiff avers that he submitted a motion to consolidate his case with Mr.

Mr. Clapp avers that he was arrested in March 2017, that his body "was attached as collateral for a debt [he] did not incur," and that he "was then taken and placed into [p]eonage." Compl. ¶ 4.1. As a result of his incarceration, Mr. Clapp claims he was "[f]orcibly exposed to [b]iological and [v]iral [d]isease(s)" and forcibly vaccinated, that he and his family members suffered economic, emotional, and psychological injuries, and that his personal and intellectual property was stolen. Compl. ¶¶ 4.1A-L. According to Mr. Clapp, his claims are not unjust conviction claims, "nor do they come under tort due to criminal fraud." Compl. ¶ 4.1M. Instead, they constitute breach of contract claims because the United States acquiesced to certain contractual obligations by failing to negate, counterclaim, or otherwise respond to various communications Mr. Clapp sent the government. Compl. ¶ 4.2.

Upon receiving his complaint, the Clerk's office identified the nature of Mr. Clapp's suit as unjust conviction and imprisonment and the demand as $1,000,000. *See* Notice of Obj. at 1, ECF No. 8. Mr. Clapp objected to this characterization, explained that his suit is for breach of contract, and asked that the claimed amount be changed to $4,502,000,000. *Id.* at 1-2.

The government moved to dismiss Mr. Clapp's complaint on October 20, 2023. Def.'s Mot. to Dismiss. That motion is fully briefed and ready for disposition. *See* Pl.'s Resp.[2]

## STANDARDS FOR DECISION

The court must dismiss a claim over which it lacks subject-matter jurisdiction. Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). A plaintiff bears the burden of establishing the court's subject-matter jurisdiction over his claim by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). The Court of Federal Claims has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). A plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act itself" because the Tucker Act does not confer substantive rights. *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004).

A complaint may also be dismissed for failure to state a claim upon which relief can be granted. RCFC 12(b)(6). A complaint will be dismissed if the factual allegations it contains do not "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In ruling on a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint

---

Riddle's and Mr. Whitmer's cases but that it was "never delivered." Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") at 2, ECF No. 10. In his response, Mr. Clapp "withdraws his request to consolidate with Mr. Riddle." *Id.* at 3.

[2] The government's deadline to file a reply in support of its motion to dismiss was November 27, 2024. The government has not filed its reply.

and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)); *see also Chevron U.S.A. Inc. v. United States*, 155 Fed. Cl. 344, 349 (2021) (applying the same requirement on a court reviewing a motion to dismiss for failure to state a claim). Although *pro se* plaintiffs' filings are construed "liberally" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), this leniency "with respect to mere formalities does not relieve them of jurisdictional requirements." *Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020). Put differently, "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Ibrahim v. United States*, No. 19-760C, 2019 WL 3384849, at *3 (Fed. Cl. July 26, 2019) (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)), *aff'd*, 799 F. App'x 865 (Fed. Cir. 2020).

## ANALYSIS

The government argues that Mr. Clapp's complaint should be dismissed for lack of subject-matter jurisdiction because he identifies neither "a viable contract with the United States" nor a "money-mandating source of law." Def.'s Mot. to Dismiss at 4. The government contends Mr. Clapp's allegations that he was "'tricked . . . to agree to unknowingly act as a Surety or Joint Obligor' and 'taken and placed into [p]eonage'" constitute attacks on his conviction and subsequent imprisonment. *Id.* (quoting Compl. ¶ 4.1). And such attacks are beyond this court's jurisdiction. *Id.* (citing *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002)). Alternatively, "to the extent that the complaint can be interpreted as asserting fraud or other tort claims" the government avers that "those [claims] too are beyond the [c]ourt's jurisdiction. *Id.* at 5.

Next, the government avers that Mr. Clapp's complaint fails to state a viable claim insofar as "it does not allege any of the elements required to establish a contract." Def.'s Mot. to Dismiss at 6. Mr. Clapp's complaint "appears to imply that the United States accepted contractual obligations by failing to respond to various communications," *id.*, but government officials' failure "to affirmatively renounce the terms of unexecuted contracts . . . sent to them is not sufficient to establish that the government accepted the terms of those contracts," *id.* (quoting *De La Cruz Jimenez v. United States*, No. 19-1761C, 2021 WL 5373574, at *7 (Fed. Cl. Nov. 18, 2021)).

Mr. Clapp contends he has sufficiently pleaded the elements of his contract claim. Pl.'s Resp. at 4. Specifically, plaintiff argues the government's failure to respond to his passport application, Compl. Ex. C, at 43-51, the document entitled "Challenge of Jurisdiction," Compl. Ex. B, and the document entitled "Reservation of Rights," Compl. Ex. H, created a contract between plaintiff and the government. Pl.'s Resp. at 3-6.

A claimant alleging the breach of a federal government contract must establish four elements: "(1) mutuality of intent to contract, (2) consideration, (3) lack of ambiguity in offer and acceptance, and (4) authority on the part of the government agent entering the contract." *Suess v. United States*, 535 F.3d 1348, 1359 (Fed. Cir. 2008).

The government's failure to respond to the documents Mr. Clapp identifies does not create any contract with the government.  The "Challenge of Jurisdiction" document contains summary statements and a collection of edited citations to legal authorities.  *See generally* Compl. Ex. B at 3-18.  Plaintiffs states he "was tacitly contracted for purposes of performance of services, i.e., time spent warehouse in prison for the purpose of paying the monetary penalty also identified therein said [e]xhibit," Pl.'s Resp. at 3, and alleges that the government "commit[ted] an act of 'involuntary servitude' . . . upon: Jason Michael: Clapp," Compl. Ex. B, at 5.  He further contends that he filed a Uniform Commercial Code ("UCC") Financing Statement and that his act of filing created an acknowledgement by the government of his status as a "North Carolinian, a – North Carolina National."  Compl. Ex. B, at 10.  As such, Mr. Clapp challenges the government's authority to continue holding him.  Compl. Ex. B, at 11-12.  The claims Mr. Clapp sets out in the "Challenge of Jurisdiction" fall outside the Tucker Act's jurisdictional grant because they are properly considered challenges to his conviction.

The "Reservation of Rights" document is likewise comprised of conclusory assertions interspersed with legal definitions of terms used in those assertions.  *See generally* Compl. Ex. H.  In the document plaintiff enumerates the rights he is reserving, and states that "it is herewith [e]xpressed, as [n]otice" that each individual violation of those rights "shall constitute a: [p]enalty of monetary, pecuniary value, thereby applicable to each party involved . . . in the amount of: $1,000,000.00."  Compl. Ex. H, at 3, 7.  Exhibit H also contains a UCC Financing Statement completed by plaintiff wherein he states:

> Jason Michael: Clapp, as Secured Party and Secured Creditor, do[es] hereby extend a line of credit to Debtor: JASON MICHAEL CLAPP, a: Sole Corporation and Individual Transmitting Utility in the amount of . . . One Hundred Trillion United States Dollars, and do[es] hereby establish a claim as Principal Creditor . . . against: any, all, every type, kind of property, both real and personal, both corporeal and incorporeal, therein each of their individual-capacity, form, item, etc.

Compl. Ex. H, at 8 (internal citations omitted).

These allegations are insufficient to support this court's subject-matter jurisdiction.  This case is relevantly similar to *Gravatt v. United States*, 100 Fed. Cl. 279 (2011).  There, the plaintiff filed a UCC financing statement "naming 'Brandon Shane; Gravatt(c)1995' as the secured party and 'BRANDON SHANE GRAVATT(c)1995' as the debtor, along with several documents purporting to establish that 'Brandon Shane; Gravatt(c)1995' was a sovereign citizen and not a citizen of the United States."  *Id.* at 284.  When plaintiff sought money that he alleged the United States borrowed from him, this court dismissed his complaint for lack of subject-matter jurisdiction.  *Id.* at 288.

Here, Mr. Clapp's complaint and exhibits likewise fail to establish a contract with the United States.  Like the plaintiff in *Gravatt*, Mr. Clapp alleges a contract was created when the government failed to respond to his correspondence in the form of letters, a passport application, and a UCC financing statement.  First, this court lacks jurisdiction over claims based on the UCC.  *Spencer v. United States*, 98 Fed. Cl. 349, 357 (2011).  Second, the government's failure to respond to plaintiff's communications does not create a contract.  *Ibrahim*, 799 F. App'x at

868 ("Contract law does not permit one to send unsolicited letters to the government (or anyone else) declaring that a failure to respond to the letter constitutes both formation and breach of a contract, entitling the sender to liquidated damages."). So, contrary to Mr. Clapp's allegations, the government's failure to respond to his letters does not constitute acceptance and no contract was formed.

Accordingly, because he has not adequately alleged a contract's existence, the government's motion to dismiss is **GRANTED** and Mr. Clapp's complaint is **DISMISSED** for lack of subject-matter jurisdiction and for failure to state a claim. The clerk is **DIRECTED** to enter judgment accordingly.

No costs; each party shall bear its own costs.

It is so **ORDERED**.

s/Charles F. Lettow
Charles F. Lettow
Senior Judge